**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARAMIS JOSE CARLOS MELENDEZ NAVARRETE, AKA Aramis Melendez Navarrete, | No. 20-71212 |
| Petitioner, | Agency No. A094-832-906 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submission Deferred June 30, 2022
Submitted December 2, 2022
San Francisco, California

Before: SCHROEDER, RAWLINSON, and BYBEE, Circuit Judges.

Jose Carlos Melendez Navarrete (Navarrete), a native and citizen of El

Salvador, petitions for review of a decision from the Board of Immigration

Appeals (BIA) reversing the Immigration Judge's (IJ) granting of relief under the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Convention Against Torture (CAT). Because substantial evidence supports the BIA's decision, we DENY the petition.[1]

"We review for substantial evidence the factual findings underlying the BIA's determination that an applicant is not eligible for CAT protection." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020) (citation omitted).

Navarrete testified that he and his mother received two threatening letters. Although his mother received additional extortion threats, she never paid any money and was never harmed. We have held that threats alone generally do not constitute a basis for CAT relief. *See, e.g.*, *Sharma v. Garland*, 9 F.4th 1052, 1062 (9th Cir. 2021) (holding that the petitioner failed to establish a basis for CAT relief despite repeatedly receiving threats). Therefore, the denial of CAT relief is supported by substantial evidence.

Substantial evidence also supports the BIA's finding that Navarette failed to establish that it is more likely than not that he would be tortured in the future. *See Hernandez v. Garland*, 52 F.4th 757, 772 (9th Cir. 2022). "Protection under CAT is based entirely on an objective basis of fear; there is no subjective component to

---

[1] On August 12, 2022, we stayed submission of this case for ninety days for the Department of Homeland Security (DHS) to determine whether to exercise prosecutorial discretion in favor of Navarrete. Neither party filed a report of the DHS's determination during the stay.

[an applicant's] fear of torture." *Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021) (citation and internal quotation marks omitted). "Thus, speculative fear of torture is not sufficient to satisfy the applicant's burden." *Id.* (citation omitted).

Navarrete remained in El Salvador for five years after receiving the two threats, and was never threatened again. The gangs did not harm his mother despite her refusal to satisfy subsequent extortion demands. In addition, Navarrete's father and son have lived in El Salvador without incident. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 707 (9th Cir. 2022), *as amended* (concluding that the petitioner did not face an ongoing or particularized threat of torture because he had not received threats or been harmed since he was kidnapped years earlier); *see also Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010) ("We have . . . held that a petitioner's fear of future [torture] is weakened, even undercut, when similarly-situated family members living in the petitioner's home country are not harmed.") (citation, alterations, and internal quotation marks omitted).

Because Navarrete failed to establish a particularized threat of torture, his contentions regarding general gang violence and government corruption in El Salvador are unpersuasive. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (concluding that the petitioner was not eligible for CAT

relief because the petitioner's "generalized evidence of violence and crime in Mexico [was] not particular to [the] petitioner"); *see also Parada v. Sessions*, 902 F.3d 901, 914 (9th Cir. 2018) (explaining that CAT relief requires that torture "be inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity") (citation and internal quotation marks omitted).

    **PETITION DENIED.**